Good afternoon. My name is Assistant Public Defender Armando Sandoval. I represent minor Good afternoon. I'm Veronica Calderon-Malavia. I'm an ALA BIA. I'm the state's attorney representing the people of the state of Illinois. Great. Thank you. You know, your weeks are 20 minutes. You don't have to use it all. Do you want to reserve some time? I do, Your Honor. Five minutes. Okay. Great. And I know both of you are aware, but this microphone does not amplify. It just records. So keep your voice up so the folks can hear you. Okay? Great. Thanks. Hi. May it please the Court. Again, my name is Armando Sandoval, Assistant Public Defender with the Cook County Public Defender's Office. I represent the minor in this case, M.H. And today I'm going to discuss the issue of home rule law, concurrent powers between state and local governments, and while Cook County has the authority to pass an ordinance limiting judges from placing minors under 13 at the Cook County Juvenile Temporary Detention Center or Cook County Jail. Article 7, Section 6 of the Illinois Constitution lays out home rule law, recognizing that local issues are best handled locally. The Illinois Constitution allows home rule units to exercise any power or perform any function pertaining to its affairs. Constitutional and legislative constraints to home rule units are minimal. The Court recognizes this in Karadimos v. Cook County, 53 L. 2nd, 483, where they say that local solutions should be, and I quote, One of the things the trial judge mentioned was an equal protection argument where people treated downstate in a small county would be treated differently than a juvenile here in Cook County. And I believe Judge Tuman's response is that the fact that Cook County gives greater protection is not unconstitutional or illegal. Just from constitutional law, we all know that there is a base that every individual has in terms of rights. You go below that, that's where you run into constitutional problems. Why do they say this ordinance gives the minor greater protection? It's giving no protection if under the Juvenile Court Act, the judge has the authority to detain a minor 10 years or older if he finds certain factors are present to protect the minor and the community at large. So this ordinance says if you are under 13, you can't be protected under the Juvenile Court Act. You're free of detention, where detention is found by the judge to be necessary to protect the minor. Well, your honor brings up a good point, but to be clear, under the Juvenile Court Act, the statute itself says that any minor under 13 cannot be detained unless the court has gone through basically certain steps and laid out in the statute is one of those is contacting the, and I apologize, the comprehensive community-based youth services. Which in this case, the judge did not do. But when we're talking about detention of minors and protection, the greater right is the fact that Cook County is saying, no, you cannot be detained at the Juvenile Detention Center or Cook County Jail. That's protection. How is that protecting the minor that a court after a detention hearing has found that the minor needs protection and that the protection afforded under the Juvenile Court Act is detention under the Detention Act? So by saying to the circuit court, the county board, saying, don't, you can't detain them, how is that protecting the minor? Well, this goes back to the whole thing about home rule units. Well, just answer the question about how does that protect the minor by saying detention is not a form of protection. What protection is the county board affording that minor that it says cannot be detained? Well, the county is not saying that comprehensive community-based youth services cannot be used for the protection of the minor. The county is not prohibiting the court from contacting, say, DCFS from protecting the minor. The county is not prohibiting the court from reaching out to other services to protect the minor. What the county is saying, using its home rule authority, because it hasn't been preempted, what the county is saying that locally, because we know the local issues and problems here at Cook County, that in terms of protecting the minor, it's not going to be served at the juvenile court. It's not going to be served at Cook County Jail. Why not? Because the county... How do we know? The county, when passing this ordinance in the public hearing, heard from individuals who have a say in this, heard from experts and studies regarding the incarceration or detention of minors under 13, and have realized that perhaps, and probably is, a greater risk to detain a minor who is 11, 12, 10 years old at a detention center in Cook County than to go through other services. To follow up on what Judge Pierce says, though, in this case, the minor was not staying home, right? And there's nothing in the Cook County ordinance that prohibits that. They can be placed in a secure situation, a secure detention home. There's nothing stopping the county or the court from saying electronic home minoring or the sheriff at the home. There's nothing to suggest... You're saying the home is a secure detention facility? What I'm saying is... Are you saying... No. What I'm saying is, though, if the goal is safe detention of a minor... And protection of the community. And the protection of the community. Your Honor, that is correct. Nothing in the ordinance prohibits the court or the county from doing that. The fact that they've said you're not going to use the juvenile temporary detention center or Cook County jail doesn't limit the relief that a court... Would you agree that the Detention Act provides the sanction that if a court is operating under the Juvenile Court Act and finds pursuant to that act that detention of a minor 10 years or older is necessary, that the court may order the juvenile detained in Cook County Juvenile Detention Center? Does the act provide that? No. The act itself doesn't, in the preemption language of the act, does not preempt the Cook County Board from saying who can come in to a facility that Cook County has jurisdiction over. And this goes into the whole thing about hormonal units and powers. Section 1.2 of the County Shelter Care and Detention Home Act says, a court acting under the Juvenile Court Act, which we have here, correct? Correct. May place any minor coming within the terms of that act, the Juvenile Court Act, in home detention or a shelter care or detention home established pursuant to this act, meaning the Detention Act. The ordinance that we're discussing today tells Cook County judges they may not do that if the minor is under 13 years of age. That's correct. And that's something that Cook County, under the Illinois Constitution, when dealing with home rule law, Section 9.1D of the Detention Act specifically says, a county, including a home rule county, meaning Cook, may not regulate shelter care or detention homes in a manner that is inconsistent with this act. That is correct. Why is the ordinance we're talking about consistent with this act? How is it consistent? The preemption language that you just cited comes from 55 I.S.C.S. 75.1 of the county's code. And in that section, it deals with the establishment, budgetary control, and maintenance of detention homes. And it specifically deals with standards by which a county who opts to have a detention center must abide by to have a detention center that minors can be placed. And this is where I think Judge Toomey, in his opinion, conflates the issue of the statute giving power to create and maintain as a limit on Cook County's home rule power, concurrent jurisdiction, and as to who can be detained at a juvenile detention center. The act does not give. The preemption language only deals with certain regulations that the county must abide by to have a detention center that a court may place a minor in. But it doesn't preempt explicitly or expressly the fact that a county can pass an ordinance and have some type of say as who's going to be placed in the juvenile detention center. Let me rephrase what I believe you just said. What you're saying is there's nothing in the act about regulating the admission or placement of minors in the juvenile detention center. Yes, they're placing that. That is correct. So there's nothing in the act. If there's nothing in the act, that means the act is silent on it. Correct? Correct. If it's silent on it, it can't be specifically limited so it wouldn't come under the home rule. I mean, it would come under the home rule. It would come under the home rule because it has to be specifically limited to not come under the home rule. Exactly. In the area of pretrial detention of minors, there's no language in the county's code, there's no language in the Juvenile Court Act that specifically preempts Cook County's home rule powers. And Cook County is there though free to regulate the admission of minors in facilities that it has jurisdiction over. Isn't it also true that under the home rule law that there's concurrent exercise of jurisdiction? There is. So in that way, Cook County could promulgate this type of ordinance? They can. Again, they are not. Could Cook County change this ordinance to say no minor under the age of 17 shall be admitted into a county detention facility under the Detention Act? Could it say that? It could. So the statewide concern about juveniles, minors from 10 years to 18 years, that statewide legislation has no applicability to the home rule unit of government if the home rule unit of government says we're going to define minors as anybody under 18. If the legislature wanted counties out, in this instance, it's Cook County. Cook County is the only county that has home rule power in the state. I know DuPage County is thinking about it, but of all the counties in the United States, Cook County is the only one. The legislature, if they wanted to preempt Cook County from any say in terms of the Juvenile Court Act, that preemption language would have been in the Juvenile Court Act, and it is not. In fact, if you look throughout the Juvenile Court Act on other issues regarding youth violence and gangs, the legislature, in the language, actually promotes local jurisdiction, local say, promotes the idea of home rule law, that local problems are best addressed locally. But they don't do that in the Juvenile Court Act with respect to detention. So what does that tell you? And again, this goes to concurrent powers home rule law and the relationship between state and local governments. Cook County, as a home rule unit, unless preempted explicitly by the state on an issue, can rule, can set standards, can make their own laws, as long as they are within the boundaries of the Constitution. But non-home rule units, where do they get the power? If they're a non-home rule unit, they don't fall under Article 7 of Section 6. And there are counties that are non-home rule units. So where do they get that power? And that comes from what is referred to as Dillon's Rule when we're dealing with the issue of home rule power. If a county doesn't have a home rule power, let's get the power to do something somewhere. And that comes from the statute. So the statute in the Juvenile Court Act that deals with counties that can, that deals with a situation where a minor under 13 can be detained, those are four counties that are non-home rule units, not Cook County. And nowhere in that section does it preempt Cook County for establishing the detainment of minors under 13 within their detention centers. So this language in the Detention Act doesn't apply. This language in the Detention Act, quote, Section 75.91D, this act, meaning the Detention Act, is a limitation under Section I of Section 6 of Article 7 of the Illinois Constitution on the concurrent exercise by home rule units of powers in functions exercised by the state. That language means nothing. That language deals specifically with those things that the statute says a county must do to maintain a detention center. Again, and those deal, and if you read it, they deal with the administration, establishment, budgetary control, reporting. There's a section in there about how the chief judge must report to the state every 180 days. This deals with the budgetary issues. The act itself even makes a special mention of Cook County, how Cook County doesn't, because it already has a detention center, doesn't have to abide by a referendum to construct a juvenile detention center. But the scope of the preemption is very limited to that section. Not rather Cook County. It says this act. It doesn't say this section. It says this act. This act. 55 ILCS 75.1 of the county. And the act is the entire act from the first word to the last word, is it not? It is. So why didn't it say this section? This little part of the act doesn't apply to home rule units. It says the act is an act of preemption on the home rule powers. That's what it says. Again, that is in the section that deals with the establishment, budgetary control, and the maintenance of homes. There's also sections of the act that says Department of Juvenile Services, which is a state function, has no control over county jails. In fact, if you look on the website of the Illinois Department of Juvenile Services and you go into the section dealing with centers, it explicitly says, we do not have jurisdiction over the county jail. Are these juveniles placed in the county jail? They're placed in the county juvenile detention centers. The County Shelter Care and Detention Home Act does not mention one word with regard to the age of a minor with regard to what is being discussed there. That's what we're talking about. Isn't that what this is about? That's correct. It doesn't have any language whatsoever directed at that issue. So that is left silent. If it's silent, then under the Constitution of Illinois, home rule applies. That is correct. Well, let me ask you then, what does the term a court acting under the provisions of the Juvenile Court Act, what does that mean? Well, does the Juvenile Court Act pertain to anyone who is not a minor? Does it pertain to those juveniles who are between the ages of 10 and 18? Is that what the Juvenile Court Act pertains to? The Juvenile Court Act establishes courts to hear those cases that involve minors under 18. Right. And the Detention Act says if you're operating under the Juvenile Court Act, meaning you're dealing with juveniles from the age of 10 to 18, you may put somebody in a detention facility, right? That is correct. Okay. This ordinance says you may not put somebody in a detention facility if they're under the age of 13. That is in direct conflict with what the Juvenile Court Act says judges may do. First. First. The ordinance in question does not prohibit judges from ordering minors under the age of 13 from being detained in a detention center. The ordinance says it prohibits detention of minors at the Juvenile Temporary Detention Center or Cook County Jail. And under the Illinois Constitution of Home Rule law. I get your argument on the Home Rule. Are you saying that the Cook County Juvenile Detention Facility is not a juvenile detention facility? No. I'm not saying that. What I'm saying is. So you're saying that somebody less than 12 years or less than 13 years of age can be detained in the juvenile detention facility in Cook County? No. Because the ordinance prohibits that. Yes. And the Juvenile Court Act allows it. The Juvenile Court Act, though, does not preempt Cook County to limit who comes in to their detention centers. Let's talk about the Juvenile Court Act. Does 410-2A have anything to do with this case? 410-2A. I'm sorry. If you're honored to go. Well, that governs. In the briefs, there's discussion concerning 410-2A of the Juvenile Court Act. And the Illinois Supreme Court in 2008, in Randall M. case, said that Section 410 governs not the pretrial detention of minors generally, but rather only the detention of minors where they are in police custody. So I don't understand why in the briefs there was mention of 410-2A. Because the Supreme Court had already ruled that that does not apply to this situation. Don't you agree with that? Yeah, I would agree. Okay. So if that doesn't apply, then what does? And that question is governed by Section 5-501 of the Juvenile Court Act, which has to do with custody determinations. And the statute lays out the factors for the court to consider. And it says, only when there is a reasonable cause to believe that the minor taken into custody is an elinquent minor may the minor be kept or detained in a facility authorized for juvenile detention. Authorized. Is that defined anywhere in the statutes of Illinois? What is authorized as a detention center? Yes. Counties code. So it's nowhere in the county. That's what I'm looking for. But nothing in the state law. What it says is authorized. If the state doesn't authorize, then the county can determine what's going to be authorized. Is that your position? A home rule, Union County? Yes. We're only talking about home rule. That's correct. That is correct. So you're saying that the state is not authorized, does not authorize juvenile detention facilities, unless it's a home rule, which is what's happening here in Cook County. No. What I'm saying is that in the county's code, the state legislature has detailed what, if you're going to have a detention center, a detention home, what you have to follow. But nowhere does it prohibit, not in the preemption language that Justice Pierce mentioned, and nowhere in the juvenile court act does it preempt a home rule unit, such as Cook County, to say, to limit who can come into these detention centers. What the state has done in the county's rule is basically said, look, if you're going to have a detention center where you're going to house minors, at least follow these basic guidelines when it comes to reporting, in terms of staff and personnel, and in terms of reporting to the state. The county is preempted from adding their own regulations when it comes to those things, when it comes to budgetary control and maintenance and staffing. The county can't come in and say, well, we don't have the money to staff this many people at the detention center, so we're creating an ordinance to do that. That's not what's happening. The county is preempted from that. What the county is doing is, because they're not preempted by the legislature, is saying we are limiting those, we are limiting who may be placed at the juvenile detention, juvenile temporary detention center in Cook County Jail, because the state hasn't preempted us from doing so. We can promulgate that no minor in Cook County under the age of 13, because we've looked at it locally and we know our citizens of Cook County better than, say, someone in Springfield. We know that we don't want to be in the business of detaining minors under 13. And because the state, the legislature hasn't preempted them in the Juvenile Court Act or the county's code into that particular area, the county is free to do that. So you're saying the county is free to say that we don't care what a judge finds, that a 12-year-old is a danger to himself and the community, and we don't have to take him into our juvenile detention facility. In fact, we're telling our juvenile detention facility staff, do not accept that. They have the right to do that. They have the right to do that because the state has not preempted. The state has not preempted them in that area. Really? So let's discuss some of the alternatives. Could they send the minor home with a relative or friend? Yes. Could they send the minor home to home detention? Yes. Home detention with electronic monitoring? Yes. Crisis intervention from a social service agency? Yes. How about a residential alternative like a shelter care or residential facility of temporary foster care? Yes. Could they refer the minor to counseling, mental health, substance abuse, to some agency? Yes. How about informal adjustments, meetings with the child from time to time? Yes. Day or evening reporting center? Yes. So there's all these alternatives out there. That's correct. That are available here in Cook County. Yes, they are. And all the things being said is when someone is of the tender age, which is the words that Judge Truman used in his order, tender age, under 13, 10 to 12, there are these alternatives to having a detention center which locks the door and where there's a whole different type of individual and many older people up to age 17 in that facility. And that may not be appropriate for someone of a tender age of 10 to 12. Is that right? That is correct. And Cook County in exercising its home rule powers, because it has not been preempted by the state, can make that determination. Also, while all of those are great alternatives, Matthias H. didn't, was it Judge Jackson, I think, was that she on that case? Yes. She tried a bunch of those and he got around them. He did? And then she, it seemed like, considered it and thought it was in his, he was in danger. It was said several times in the record that he was in danger. Well, if you look at the record, what was done in the past was SOAR Center, which is a step down from the Juvenile Detention Center. Which is okay, right? That's not a problem. That's not a problem. Because that's not secured, right? Exactly. And the county hasn't prohibited that. So SOAR Center is not a problem. Daniel was on, the minor was on electronic home monitoring and that's when the problems began. But he ran away from home and he wouldn't listen to his mother and he cut the monitoring device and he frustrated every act that the juvenile court judge tried on this minor. But the juvenile court judge, even if you were to say that the Juvenile Court Act controls, didn't go through, as that statute indicates, didn't go through the comprehensive community-based youth services system. You didn't raise that as an element of your argument. And even if they did, it wouldn't matter, right? Correct. Correct. It wouldn't matter? Right. What I'm saying is that Cook County, I know that it controls. They don't do it. Well. They shouldn't. If you, what I'm saying is that the court has to look at the statute as for some type of advice as to how to handle the situation. And for those non-home rule counties that only get the power from that statute, the judge wouldn't even follow that. The judge wouldn't contact the comprehensive community-based youth services. But under the ordinance, it wouldn't have mattered. Under the ordinance, it would not have mattered. That isn't an issue in our case here, either. Thanks. Okay. You still have five minutes, although we went way over. Well, again. Do you want to resume your time? I will resume your time. Thanks. Thank you. Good afternoon, Your Honors. Counsel. Again, I'm Assistant State's Attorney, Veronica Calderon-Molivio, representing the people of the State of Illinois in this case. May it please this Honorable Court. Members, the Cook County Board did not have the homework authority to enact an ordinance that prohibits a juvenile court judge from admitting, keeping, detaining, or committing 10 to 12-year-old minors to the juvenile temporary detention center. Before we get to that issue, why should we even hear from you? What right do you have to be before us? And let me ask you by asking some questions. Okay. In your brief, you state on page 4, the State asked the Court for guidance because a recently enacted county ordinance altered the Court's authority to place a 12-year-old in the detention center. Is that correct? Correct. Then, on September 27, 2018, on page 5, you state the State took the position that Cook County Ordinance 46-4 controlled and that the minor respondent could not be placed in detention due to his age. Is that correct? Correct. Then, with regard to the later hearing, I believe on October 10th, on page 9 of your brief, the prosecutor told Judge Truman that the State takes no position at this time. Correct. And then Judge Truman ruled. He took no position. Or he took a position actually directly contrary to the position you're taking now. What right do you have to do that? Let me first address the concession in the beginning of the juvenile proceedings here. This Court is not bound to a party's concession. Well, let's say we are bound. We can decide to do our thing, correct? Correct, but it is not, so it doesn't prevent us from following a brief and doesn't prevent us from arguing. And second, we're here representing the police, and we could rely on any part of the record to affirm the judgment. And reviewing the judgment, Justice Truman's memorandum of law and order, reviewing the law and applicable, the State has determined that he was correct. No, you took no position. Now you're taking a position. That's called sandbagging. When I was an attorney, that was called sandbagging. As representing the people of the State of Illinois in this case, we're looking at the final judgment, and we're taking a position. But you took no position. We're not taking a position, but we're relying on analysis set forth by Justice Truman. How can you do that? Because why, in every case before us, won't the State take that position? You know, Your Honor, we're going to take no position on that. And then whenever the judge does, you can do whatever you want. So that's called sandbagging. If we allow that to happen in criminal cases or civil cases, we'd have chaos here because the audience would be taking no position and letting the judge rule and then file and say, I hope you're correct. It is unfortunate, however. It was a newly enacted ordinance that raised some confusion below. It didn't raise any confusion apparently in the State's Attorney's Office because the State's Attorney said, again, when it came up, that took the position that the ordinance controlled. Right. So you've only taken two positions, as I understand it. You've controlled or you take no position. Right. In no way have you ever taken a position you took in the briefs. Right. Is that correct? Is that correct? Once Judge Truman issued his order, we reviewed the law and the facts below and determined that he was correct. So you changed your position. Yes, we changed our position. So why should we allow you to change your position when you made no argument before Judge Truman? Because as an appellee under Illinois Appellate Jurisprudence, the appellee could cite any part of the record to affirm the judgment. Who has a burden here on the ordinance? On the ordinance? The minor respondent did. I thought you said the ordinance. The ordinance or the petition for habeas corpus? I said the ordinance. On the ordinance. If the ordinance is constitutional, whether it applies or not. Well, this judgment came in through the vehicle of petition of habeas corpus. So minor respondent had the burden to show why he should be released. But doesn't the state have the burden to show that the ordinance is not appropriate, doesn't apply? Well, here it's a. . . Yes or no? Does it have the burden or not? Are you talking about the appellate or are you talking about the trial court? No, I'm talking about the trial court. You had no burden at all on this ordinance? At this time we didn't take. . . During these proceedings, we didn't take a position. So, but did you have the burden? Yes. Yes, okay. I agree with you. I agree. Okay. So let's say you had the burden, yet you said nothing. And now you come, haven't said nothing, and are taking a position that you agree with the court. I don't see why we should allow that to happen because, again. . . Justice Hyman, I understand. I understand your concerns. But here we're representing the people of the state of Illinois, and we have a duty to do so. And here we have a judgment that was from a juvenile court judge, and we're taking a position that that judgment should be affirmed. But you had that opportunity before. You knew. . . I get your point, Justice Hyman. I would note for the record that the appellant did not raise this issue in the appellant's brief. It was not raised as an issue on appeal. So I would like to hear from the state as to whether we have that in this case. Well, I don't mind hearing from the state, but I just. . . It doesn't matter that it wasn't raised by the appellant because we always have to look at our own jurisdiction. We always have to look at the question of whether waiver applies or not. Right. And I would rest on the cases that I cited that allow me to set forth an argument today on behalf of the judgment. Your Honors, the Cook County Board did not have home rule authority to enact the ordinance that prohibits a juvenile court judge from admitting, keeping, and detaining or committing 10- to 12-year-old minors in the juvenile temporary detention center. Your Honors, a delinquency proceeding is a statutory creature that is governed by the Juvenile Court Act. Let me ask some questions. You agree that home rule units may exercise any power or function to the extent that the legislature by law does not specifically limit the concurrent exercise or specifically declare the state's exercise to be exclusive. Do you agree with that? I do. Okay. What does specifically limit mean? It removes the authority. Removes. Mm-hmm. So it's got to be specific. Right. It's got to be specific. Yes. It's got to say that. I mean, it's hard for the legislature to enact every single situation specifically. Well, it has to say it. But it has to be clear from the enactment. The Supreme Court has used the word specifically, hasn't it? Yes. Over and over. Mm-hmm. So it has to be specific. Okay. Okay. You agree with that. What state law specifically limits concurrent exercise regarding confinement of juveniles in a detention facility? Will you read it as a whole? I'm not reading it as a whole. I will. I will set it out for Your Honor. The legislature enacted the Shelter of Care and Detention Home to limit the county's home rule authority. And to make sure that the placement and commitment of minors in a detention center is solely governed by the Juvenile Court Act. And we know this because there is a home rule provision, which explicitly states that the Shelter of Care Act is a limitation on the concurrent exercise by home rule units of powers and functions exercised by the state. It also mandates that a county rule. Where does it say anything about confinement of juveniles in a detention facility? Okay. In two places. First, if you look at Section 1.2, which Justice Pierce pointed out, it says a court acting under the Juvenile Court Act of 1987 may, except as otherwise provided in that act being the Juvenile Court Act, place any minor coming within the terms of the act in home detention, shelter care, or detention home established pursuant to the Shelter of Care Act. So the Shelter of Care Act expressly indicates that the placement of a minor in a detention home is governed by the Juvenile Court Act. But it goes further. In Section 4 of the Shelter of Care Act, it states, it shall be the duty of the administrator of the shelter of care home and staff of the detention home to receive all children who are committed to the homes by the court until further order of the court. So it's not silence. Oh, it is silence. No, it's not silence. Where does it say anything about age? It incorporates the Juvenile Court Act, and it incorporates all the provisions, including all the age provisions, and it states that that's what. That's not very specific. That sounds very broad. I mean, it's got to be specific. It is specific. How specific? Because you look to the Juvenile Court Act. The Shelter of Care Act says that a judge's decision is governed by the Juvenile Court Act. It's silence. It's not silence. But that's a broad statement. That's meaningless. That would mean that the home rule really has no authority, because home rule would mean nothing under your interpretation. You are eating up all authority that's given to the state by making that argument. Okay, well, I disagree. I disagree. If you start at Section 1, the home rule authority, we know that the shelter act is a limitation. What authority it gives a home rule unit is just to govern the establish and maintenance of a detention and shelter home. It may locate, purchase, erect, anything to do with the support and maintenance of a detention home for the care and custody of delinquency minors. It may also collect taxes. But what it does, it also states that the juvenile court judge in placing a minor is bound by the Juvenile Court Act. And it also states that a detention home has the duty to receive all children who are committed to the home by the court until further notice of the court. And that's in Section 4. It goes further, because to ensure that the court's orders are followed, the shelter care act in Section 3 provides that the superintendent and the personnel of the Cook County Juvenile Detention Center is appointed by the chief judge of the circuit court of Cook County and serves at the pleasure of the chief judge. Additionally, they add- No, that has nothing to do- No, it does, because- No, it doesn't. How could they have anything to do with the issue before the court? If I may explain? Yes. It also states that the chief judge has administrative control of the budget. What this means is that the detention center and shelter homes are considered an arm of the court. And it would be an absurd interpretation to conclude that the Cook County Board can override a juvenile court's statutory authority to place or commit a minor in the detention center. Well, right. A concurrent jurisdiction, right? A concurrent jurisdiction. Which is limited, expressly limited, by the shelter care act. Again, I see nothing that you have stated so far that says anything about the issue before us with regard to the age of the individuals who should be in the detention center. Well, if you put together a section- Let's agree to one thing. What can we agree to? There's nothing in the act that specifically limits it. But you're saying we have to read all this together- I disagree. I think the shelter- But give me the words that specifically- The shelter act in section 1.2 states that the placement, basically the placement of minors in detention or shelter care homes is the duty and the role of the court. And that duty and role is governed by the laws set forth in the juvenile court act. And it also places a duty on the detention home to receive all children that are committed by the court until further notice of the court. That's specific, right? The ordinance says courts in Cook County cannot send children 10, 11, and 12 to the detention center. Yes, and therefore it's in conflict. Therefore it's in conflict. It's in conflict. Because there's nothing in the act that says otherwise. It's in conflict with the fact that the court's discretion under the juvenile court act allows him to send minors 10 years or older to the detention center when appropriate. And the ordinance does not. What the ordinance does, it does make a change under the home rule. And what we're talking about here really what applies here is an analysis of what home rule means. Correct? Correct. Okay. And so there's a position of the people that the Cook County Board does not have home rule authority. And this makes sense because the juvenile court system is a creature of the legislature. We are the first state to create a juvenile court. And the state is in a better position to address the concerns that are risen in delinquency matters. And, moreover, it makes sense that the state should have exclusive control over the placement of commended minors in detention homes because it would ensure uniformity as well as avoid We don't care about uniformity because we have home rule here. Let me ask you this question. Does a home rule ordinance have to be in some way, can, let me put it that way. Can a home rule ordinance in some way be inconsistent with state statutes? It can maybe at times because of a concurrent exercise. However, again, it's the people's position that the Shelter Care Act has limited the Cook County's home rule authority and has made sure that what governs the admission of minors is the Juvenile Court Act and that it imposes a duty on the detention home to receive all children that are committed to the court until further notice. And the ordinance says you can't commit children 10, 11, 12 and under age. Right. And there's all these other things. Under any circumstances, even, I mean, it greatly affects children who are at most risk. How is it greatly affecting when there's all these alternatives? Do you agree that there's a lot of alternatives? There's no alternative for a secured facility when a secured facility is needed for a minor who's at most risk where he's out of control, the parents can't handle him. You're not talking about this case? Out of control? I mean, I didn't see any findings. Well, he's defying orders. He's violating, manipulating his electronic monitoring, staying out overnight. And I would say that he's in great risk. And he's defying the court's orders and his parental orders. So I have to say he's out of control. Well, I don't think the court made that finding. He certainly found that there was urgent and immediate necessity in this case, the event that there needed to be a secure facility where the minor could be placed through independency of the case. Did you see anywhere in this briefing or argument where the petitioner argued that there wasn't a sufficient basis to order the detention? There was an argument in that here on appeal. There was never an issue of whether detention was appropriate. The only issue was whether the ordinance precluded him going. Right. It precluded the judge from exercising his statutory authority. Okay. So if we're speaking about waiver or forfeiture, we're talking about that in the nature of the argument of the respondent or of the petition, correct? Yes, correct. Okay. So for the reasons stated today, those contained in my brief, the people asked that this court affirm the denial of minor's petition for habeas corpus. Thanks. Justice Hyman, you hit on a point that's very important. Specific language, specificity, that's what the law requires. For situations like these where you have the state coming in saying, oh, if you look at this statute, this is where we show that they're preempted, even though it has nothing to do with the subject. And here the subject is limited to whether Cook County has home rule authority to prohibit a court from detaining minors who are 10, 11, and 12. And the state in their argument talks about, well, there's a conflict. Well, of course. When you're dealing with concurrent jurisdictions, there may be a conflict. And the court considers this in a case that the state even sets to, Palm versus 2800 Lakeshore Drive. Well, there may be a conflict between the ordinance and the state statute. But absent that specific language from the state preempting that local authority exercising its home rule power under Article 7, Section 6 of the Illinois Constitution, that conflict is fine. It's okay. That's what concurrent jurisdiction is all about. And, Justice Pierce, in one of my responses, I didn't want to sound curt or aloof, but the ordinance as is, as you alluded to, without these other language saying, well, where can we place these minors, it may not work. You're right. The ordinance may not work. But because there's not that preemption language, that's up to the Cook County Board to determine that question. All right. So let me ask you this. You would agree, would you not, that the juvenile court judge dealing with a 12-year-old under the Juvenile Court Act can find after a detention hearing that the juvenile, 12 years old, should be detained, correct? May be detained, yes. No, he's ordering it. Yes, he's ordering it. He can order detention. The judge can order that, correct. And the county board is saying the Cook County Juvenile Detention Authority will not accept that 12-year-old. That's correct. So where is the judge supposed to send this juvenile? Although he can't detain them, we're talking about the Cook County Board saying we will not accept them, right? Correct. What authority do they have to do that when the authority to receive juveniles under an order of detention lies with the chief judge of Cook County? As Justice Hyman pointed out. No, I'm asking as you pointed out. As I pointed out. Again, there are other services that Cook County has that they can detain the minor. Oh, so they can detain the minor at some facility on Foster Avenue, for example, but not at the Cook County Juvenile Detention Center? It meets the standards set out in the county's code. So you're saying that it's a geographical, that Cook County Board can say don't send them to a location on Roosevelt Road, but send them to a location on Foster Avenue, if one exists? Cook County, yes. Does that make any sense? Well, because the state hasn't preempted, Cook County is free to say you're not going to place minors 10, 11, 12 years old within facilities that we run. Here's what I'm saying. This ordinance says the Cook County Juvenile Detention Facility, that's what it says. We're not going to accept them. They should not be accepted. If Cook County had a juvenile detention facility on Montrose Avenue in Deerfield, could they send them there? If the county hasn't prohibited it? In the ordinance? Under this ordinance. Under this ordinance? Yes. The language is very specific in the Cook County ordinance as to what concurrence counts. Does that answer my question? Yes. Yes. As long as it meets the standards on the county's code as what meets a detention center, and the fact that the ordinance itself doesn't mention that specific center, but the ordinance is pretty specific. It mentions that specific center. It mentions that you're prohibited from sending minors under 13 to the Cook County Juvenile Temporary Detention Center and Cook County Jail. They're never sent to the Cook County Jail. No, but it's in the ordinance. I know, but they're never sent there, so we're not that upset about it. But if they had a qualifying juvenile detention facility on Montrose Avenue in Glenview, Deerfield, they could send them there. Yes. Okay. Because under the Holborn powers, Cook County can regulate the detention of minors in their facilities. They haven't been preempted from doing that. Nowhere in the statute, the Juvenile Code Act or the county's code, do they limit Cook County Board from regulating who can come into their detention centers? Anyways, thank you very much. Thank you very much. You did a great job. We really appreciate it. We'll take it under advisement. Thank you.